IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>GLOBAL POWER EQUIPMENT GROUP INC., *et. al.*,<br><br>          Debtors. | Chapter 11<br><br>Case No. 06-11045<br><br>Jointly Administered |
| MITSUBISHI POWER SYSTEMS AMERICAS, INC.<br><br>          Appellant,<br>v.<br><br>DELTAK, LLC<br><br>          Appellee. | Civil Action No. _____ |

**EMERGENCY MOTION FOR EXPEDITED ACTION ON THE APPEAL OF THE
BANKRUPTCY COURT'S NOVEMBER 6, 2006 ORDER**

Appellant Mitsubishi Power Systems Americas, Inc. ("MPS" or "Appellant") has appealed under 28 U.S.C. § 158(a)(1) from a ruling rendered by the Honorable Brendan L. Shannon, Bankruptcy Judge in open court, on November 6, 2006, granting the motion of one of the Debtors, Deltak, LLC ("Deltak"), to reject executory contracts, while denying MPS' Limited Opposition thereto wherein MPS requested that the Court order Deltak to assign Deltak's catalyst subcontracts to MPS.

MPS has filed this appeal on an emergency basis and hereby requests expedited action pursuant to Bankruptcy Rule 8011(d) on the ground that, to avoid irreparable harm, relief is

needed in less time than would normally be taken by the District Court to consider a bankruptcy appeal, and in support thereof avers as follows:

## Procedural Background

1. On or about September 29, 2006, Debtors' Motion Pursuant to 11 U.S.C. §§ 105, 363 and 365 for an Order Authorizing Debtors to (I) Wind Down Operations of the Heat Recovery Steam Generation Business Segment Operated by the Deltak Debtors, (II) Reject Certain Executory Contracts in Connection Therewith, and (III) Implement Procedures for the Orderly Completion of Work in Progress [Docket No. 12] (the "Rejection Motion") was filed.

2. Pursuant to the Rejection Motion, Deltak, sought to reject, *inter alia*, a Purchase Agreement for Heat Recovery Steam Generator and Auxillaries for the Port Westward Generating Facility by and between MPS and Deltak (the "Port Westward HRSG Contract").

3. On or about October 24, 2006, the Corrected Limited Opposition of Mitsubishi Power Systems Americas, Inc. to Debtor's Motion to Reject Certain Executory Contracts (the "Limited Opposition").[1] MPS urged prompt rejection, but conditioned on the assignment of catalyst subcontracts it needs imminently for construction of a power plant in Oregon.

4. On November 1, 2006, the Bankruptcy Court conducted a hearing on the Rejection Motion and Limited Opposition.

5. At the hearing, MPS presented evidence that:

    a. the Catalysts to be supplied under the Port Westward HRSG Contract were completed and ready to be shipped by Deltak's subcontractor

    b. the Catalysts were custom-designed for the Port Westward Contract

---

[1] On October 23, 2006, MPS filed its Limited Opposition of Mitsubishi Power Systems Americas, Inc. to Debtor's Motion to Reject Certain Executory Contracts, however to correct some formatting errors which occurred during the filing process, on October 24, 2006 MPS filed the corrected Limited Opposition.

    c. there was no other use for the Catalysts

    d. massive damages would be incurred by MPS if the Catalysts were not delivered to MPS by December 15, 2006.

    e. Packing and delivering the Catalysts would take up to three weeks.

6. On November 6, 2006, Judge Shannon rendered an oral opinion in open court. Judge Shannon found:

    a. The Catalysts were specialized.

    b. There was no secondary market for the Catalysts

    c. The Catalysts had value only to MPS

    d. MPS would incur massive damages if the Catalysts were not delivered by December 15, 2006.

7. Having made those findings, Judge Shannon ordered that the Port Westward HRSG Contract would be rejected *nunc pro tunc* to the petition date. Despite finding that MPS would face massive damages without relief, Judge Shannon denied MPS' request that Deltak be required to assign the subcontracts related to the Catalysts to MPS because he felt that, as a matter of law, such relief was unavailable under the Bankruptcy Code.

### Factual Background

8. If relief is not granted to MPS such that the Catalysts are delivered by December 15, 2006, MPS will face massive damages or be compelled to pay Deltak an extortionate "ransom" for the custom-designed parts.

9. MPS sells and services electrical power generating equipment and systems in the United States.[2] MPS purchases turbines from its Japanese affiliates, purchases related equipment

---

[2] Affidavit of Richard Boukal [Docket No. 156], ¶ 3.

– including HRSGs – from other suppliers, and delivers integrated power generation systems to its customers for construction.[3]

10. On September 3, 2004, MPS entered into a Power Island Equipment Purchase Agreement for Port Westward Generating Facility By and Between Portland General Electric Company ("PGE") and Mitsubishi Power Systems, Inc. (the "Port Westward Project Contract").[4]

11. For the Port Westward power plant, still under construction, MPS agreed to supply a power generation system to PGE that includes a "G" Class combustion turbine generator, a steam turbine generator, and HRSGs, including all necessary auxiliary equipment and materials.[5]

12. Pursuant to the Port Westward HRSG Contract, Deltak agreed to supply MPS with a HRSG, including catalysts and all necessary auxiliary equipment and materials.[6] The HRSG is an integral part of the power generation system that MPS agreed to supply at Port Westward.[7] The power generation system will not function without a functioning HRSG.[8]

---

[3] *Id.* ¶ 4.

[4] Port Westward Project Contract, at p. 5, attached as Exhibit 3 hereto (filed under seal pursuant to Order Authorizing the Filing of Certain Contracts and Schedules Under Seal [Docket No. 194] ("Seal Order")). The Port Westward Project Contract was then assigned by Portland General Electric to Black & Veatch Construction, Inc. Affidavit of Richard Boukal, ¶ 5.

[5] *Id.* at pp. 8, 17; Affidavit of Richard Boukal, ¶ 5.

[6] Port Westward HRSG Contract at pp. 8, 18, attached as Exhibit 4 hereto (filed under seal pursuant to Seal Order); Affidavit of Richard Boukal, ¶ 6.

[7] Affidavit of Richard Boukal, ¶ 7.

[8] *Id.*

13. Deltak entered into a subcontract with Cormetech to supply the NOx catalyst.[9] Deltak entered into a subcontract with BASF to supply the CO Catalyst.[10] Deltak also entered into other subcontracts related to the HRSG.[11]

14. As of the petition date, Deltak had delivered virtually all of the HRSG equipment for the Port Westward Project except for the Catalysts. The HRSG is largely installed in the facility.[12]

15. Cormetech and BASF have completed the manufacturing of the Catalysts and they are ready to ship to the installation site.[13] But neither Cormetech nor BASF are obligated to ship their respective Catalysts unless someone pays them in full.[14]

16. The Catalysts are necessary for commissioning and testing of the Port Westward gas turbine.[15] Unless the Catalysts are paid for, delivered to Oregon and properly installed, commissioning and testing will be delayed.[16]

17. Both Catalysts are custom-designed for the HRSG currently installed at the Port Westward facility.[17] Because of the time required to manufacture this custom designed product,

---

[9] *Id.* ¶ 10.

[10] *Id.* ¶ 11.

[11] *Id.* ¶ 12. A list of the relevant subcontractors is attached as Exhibit 1 hereto (filed under seal pursuant to Seal Order).

[12] *Id.*, ¶ 8.

[13] *Id.* ¶ 13.

[14] *Id.* ¶ 18.

[15] *Id.* ¶ 9.

[16] *Id.* ¶ 19.

[17] *Id.* ¶ 13.

MPS cannot acquire replacement catalysts in time to perform its obligations under the Port Westward Project Contract.[18] This custom design also prevents Deltak from selling the Catalysts to another buyer without substantial modifications.[19]

18.     If MPS fails to deliver a major component of the system on or before December 15, 2006, MPS faces at least potential claims for equipment delay liquidated damages of $25,000 a day, escalating to $30,000 a day after 30 days, $50,000 a day after 60 days, and $75,000 a day after 120 days.[20] Along with the HRSG, the catalyst for the reduction of post-combustion nitric oxide ("NOx") and the catalyst for the reduction of carbon monoxide ("CO") and associated parts (collectively, the "Catalysts") are collectively considered a Major Component under the Port Westward Project Contract.[21]

19.     The Port Westward HRSG Contract specifies that if Deltak fails to deliver a Major Component of the HRSG by December 15, 2006, Deltak faces at least equipment delay liquidated damages of $25,000 a day, escalating to $30,000 a day after 30 days, escalating to $50,000 a day after 60 days, and $75,000 a day after 120 days.[22] The Catalysts are a Major Component under the Port Westward HRSG Contract.[23]

---

[18] *Id.* ¶ 14.

[19] *Id.* ¶ 16.

[20] Port Westward Project Contract, ¶ 20.2.5(b). In noting the risk of such claims, MPS in no way concedes liability for any liquidated damages.

[21] *Id.*, Exhibit D-2 at p. 3.

[22] Port Westward HRSG Contract, ¶ 20.2.5(a).

[23] *Id.*, Exhibit D-2 at p. 2.

20.  The project schedule anticipates 23 weeks for the ordering, manufacturing, and delivery of the NOx catalyst from Cormetech.[24] The project schedule also shows 23 weeks for ordering, manufacturing, and delivery of the CO catalyst from BASF.[25] Therefore, even if MPS re-ordered the NOx catalyst and the CO catalyst on the day after the November 1 hearing, it could not meet the December 15, 2006 scheduled delivery date. MPS would face a minimum equipment delay liquidated damages of $5,175,000 under the Port Westward Project Contract for the Catalysts.[26]

### Relief Requested

21.  Since the necessary timeline for delivery of critical components already has been put in jeopardy, urgent action is required.

22.  The critical relief MPS requested from the Bankruptcy Court consisted of specific performance of provisions of the contract intended to govern in the circumstance of nonperformance of the contract's core substantive provisions. These provisions would allow the assignment of subcontracts to MPS, which would enable MPS to ensure the delivery of critical

---

[24] Deltak Progress/Fabrication Schedule for Port Westward Project, dated January 4, 2006, at p. 19, attached as Exhibit 2 hereto (filed under seal pursuant to Seal Order).

[25] *Id.*

[26] Both Catalysts comprise a single Major Component as defined under the Port Westward Project Contract. Delay in delivery of this Major Component is subject to equipment delay liquidated damages. There are approximately 6 weeks between the November 1, 2006, hearing on the Rejection Motion and the December 15, 2006, scheduled delivery date. Thus, there would be an additional 17 weeks of exposure for equipment delay liquidated damages beyond the scheduled delivery date. For the first 30 days, equipment delay liquidated damages would total $750,000 ($25,000 x 30). For the following 30 days, equipment delay liquidated damages would total $900,000 ($30,000 x 30). For the following 60 days, equipment delay liquidated damages would total $3,000,000 ($50,000 x 60). For the following 7 days, equipment delay liquidated damages would total $525,000 ($75,000 x 7), giving a total of $5,175,000.

components for the projects. Such delivery would avoid massive damages (both to MPS and Deltak), at no harm to the Debtor or Estate.

23. The Bankruptcy Court acknowledged that it was undisputed that the current situation would result in massive damages. Nonetheless, the Court entered an order denying the relief of specific performance, ruling that it had no authority to do so under the governing law. MPS respectfully disagrees with the Bankruptcy Court and appeals this ruling.

24. MPS proposes the following expedited appeal schedule.

   a. Appellant's brief shall be filed by 12:00 noon, Monday, November 13, 2006

   b. Debtor's brief shall be filed by 5:00 pm, Friday November 17, 2006.

   c. Appellant's reply, if any, shall be filed by 10:00 am , Monday, November 20, 2006.

   d. Hearing scheduled for Tuesday, November 21, 2006.

25. The briefing schedule is appropriate because the issues already have been briefed by the parties in the bankruptcy court and therefore should not require extensive additional time to brief them on appeal.

26. The grounds for the relief requested in this appeal were presented to the bankruptcy court. No new grounds are presented on appeal.

27. The names, addresses and phone numbers of the counsel for the interested parties is attached hereto as Exhibit A.

28. Pursuant to D. Del. LR 7.1.1, prior to the filing of this motion, the undersigned counsel for MPS attempted to contact counsel for Deltak LLC regarding the substance of this motion.

WHEREFORE, MPS respectfully requests that this Court conduct an emergency review of the Bankruptcy Court's denial of MPS' motion.

Dated: November 8, 2006
Wilmington, Delaware

CONNOLLY BOVE LODGE & HUTZ LLP

_/s/ Marc J. Phillips_

Marc J. Phillips (No. 4445)
The Nemours Building
1007 North Orange Street
Wilmington, Delaware 19801
(302) 658-9141 (telephone)
(302) 658-0380 (facsimile)
mphillips@cblh.com

-and-

Filiberto Agusti
Joshua R. Taylor
Steptoe & Johnson LLP
1330 Connecticut Ave, NW
Washington, D.C. 20036
(202) 429-3000 (telephone)
(202) 429-3902 (facsimile)
fagusti@steptoe.com
jrtaylor@steptoe.com
Counsel for Mitsubishi Power Systems Americas, Inc.

#498676v1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) <br> ) <br> GLOBAL POWER EQUIPMENT GROUP ) <br> INC., *et. al.*, ) <br> ) <br>                        Debtors. ) <br> ) <br> ) <br> MITSUBISHI POWER SYSTEMS ) <br> AMERICAS, INC. ) <br> ) <br>                        Appellant, ) <br> v. ) <br> ) <br> DELTAK, LLC ) <br> ) <br>                        Appellee. ) | Chapter 11 <br><br> Case No. 06-11045 <br><br> Jointly Administered <br><br><br><br><br> Civil Action No. _____ |

## ORDER

AND NOW, this \_\_\_\_ day of _____, 2006, upon consideration of Appellant's Emergency Motion for Expedited Action in the Appeal of the Bankruptcy Court's November 6, 2006 Order, and any responses thereto, it is hereby ORDERED that the motion is GRANTED.

      A hearing on the underlying appeal is hereby scheduled for Tuesday, November 21, 2006.

      Appellant's brief shall be filed by 12:00 noon, Monday, November 13, 2006.

      Debtor's brief shall be filed by 5:00 pm, Friday November 17, 2006.

      Appellant's reply, if any, shall be filed by 10:00 am , Monday, November 20, 2006.

                              BY THE COURT:

                              _____
                                                        J.

#498683v1

<u>**Exhibit A**</u>

Addresses and Phone Numbers for Counsel for Interested Parties.

**Debtor:**

Jeffrey M. Schlerf
Eric M. Sutty
Mary E. Augustine
The Bayard Firm
222 Delaware 19801
(302) 655-5000

Thomas E. Lauria
Gerard Uzzi
Matthew C. Brown
White & Case LLP
Wachovia Financial Center
200 South Biscayne Boulevard, 49th Floor
Miami, Florida 33131
(305) 371-2700

**Official Committee of Unsecured Creditors:**

Adam G. Landis
Kerri K. Mumford
Landis Rath & Cobb LLP
919 Market Street, Suite 600
Post Office Box 2087
Wilmington, Delaware 19899
(302) 467-4400

Jeffrey S. Sabin
Adam C. Harris
David M. Hillman
Schulte Roth & Zabel LLP
919 Third Avenue
New York, New York 10022
(212) 756-2000

**U.S. Trustee:**

United States Trustee
844 King Street, Room 2207
Lockbox #35
Wilmington, DE 19899-0035
302-573-6491

**Cormetech, Inc.:**

Ian Connor Bifferato
Chad J. toms
1308 Delaware Avenue
Wilmington, Delaware 19899
(302) 429-1900

Gregory J. Mascitti
Nixon Peabody LLP
1300 Clinton Square
Rochester, NY 14604
(585) 263-1123

**Mitsubishi Power Systems Americas, Inc.:**

Marc J. Phillips (No. 4445)
Connolly Bove Lodge & Hutz LLP
The Nemours Building
1007 North Orange Street
Wilmington, Delaware 19801
(302) 658-9141

Filiberto Agusti
Joshua R. Taylor
Steptoe & Johnson LLP
1330 Connecticut Ave, NW
Washington, D.C. 20036
(202) 429-3000 (telephone)
(202) 429-3902 (facsimile)