IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) ) | Chapter 11 Bankruptcy Case No. 06-11045 (BLS) |
| GLOBAL POWER EQUIPMENT GROUP INC., *et al.*, Debtors. | ) ) ) ) | Jointly Administered |
| MITSUBISHI POWER SYSTEMS AMERICAS, INC., Appellant, | ) ) ) ) ) ) | Civil Action No. 06-687 (KAJ) |
| v. DELTAK, LLC, Appellee. | ) ) ) ) ) ) | Appeal from the United States Bankruptcy Court for the District of Delaware (The Hon. Brendan L. Shannon) |

## MOTION OF MITSUBISHI POWER SYSTEMS AMERICAS, INC. FOR LEAVE TO FILE SUPPLEMENTAL BRIEF

Pursuant to Federal Bankruptcy Rule 8009 and 8011, Appellant Mitsubishi Power

Systems Americas, Inc. ("MPS"), through counsel, respectfully moves for leave to file a

supplement to its *Brief of Appellant by Appellant Power Systems Americas, Inc.* [Docket No. 7]

("Brief of Appellant"), which was originally filed November 13, 2006.

This motion seeks only procedural relief, under Bankruptcy Rule 8011(b).  Pursuant to

Rule 7.1.1 of Local Rules of Civil Practice and Procedure of this Court, counsel for MPS

conferred with counsel for the Debtors and sought, but did not receive, Debtors' consent to the

relief sought herein.

As MPS described in its *Emergency Motion for Expedited Action on the Appeal of the

Bankruptcy Court's November 6, 2006 Order* [Docket No. 2] and its *Reply Brief in Support of

Motion for Expedited Appeal by Appellant Mitsubishi Power Systems Americas, Inc.* [Docket

No. 9], MPS filed its original Brief of Appellant on an expedited basis to address the then-exigent

emergency related to certain "Catalysts" which were required to be delivered to MPS's job site in Oregon by December 15, 2006. Because MPS faced the possibility of escalating liquidated damages if the Catalysts did not arrive on site by that deadline, MPS focused its initial Brief of Appellant principally upon whether the Appellee, Deltak, LLC, should have been required to assign its Catalyst subcontracts to MPS.

As MPS explained in a November 19, 2006 letter to this Court [Docket No. 11], MPS believes that subsequent events have alleviated the emergency over whether the Catalysts will arrive on the job site by December 15. In light of these new facts, MPS advised the Court that it believed this appeal could be briefed and decided on a regular, non-emergency schedule.

MPS' legal position in this appeal—that Deltak's contract with MPS obligates it to assign certain subcontracts and warranties to MPS, and that the Bankruptcy Court had authority to order such specific performance—is set out in MPS's original Brief of Appellant. However, because MPS's initial brief was focused on the facts regarding the then-pending emergency regarding the Catalyst subcontracts, that brief did not include all facts relevant to MPS's effort to have the warranties assigned as well.

By this motion, MPS seeks the Court's leave to file the attached, short *Supplement to Brief of Appellant Mitsubishi Power Systems Americas, Inc.* ("Supplement") setting out the facts and record citations relevant to MPS's effort to seek assignment of the warranties as well as the Catalyst subcontracts. MPS seeks to supplement only the facts. MPS's legal position is already briefed and remains consistent with the argument set out in the Brief of Appellant.

As directed by the Court, the parties continue to discuss and hope to submit an agreed briefing schedule. In light of this supplement, MPS has offered to provide the Appellee with a short extension of time to file its Response Brief, which would otherwise be due under applicable rules on November 28, 2006.

WHEREFORE, MPS hereby respectfully requests that this Court grant leave to file the attached Supplement, and grant such other and further relief as this Court deems just and proper.

Respectfully submitted,

**/s/ Jeffrey C. Wisler**
Jeffrey C. Wisler (No. 2795)
Marc J. Phillips (No. 4445)
Connolly Bove Lodge & Hutz LLP
The Nemours Building
1007 North Orange Street
Wilmington, Delaware 19801
(302) 658-9141

Filiberto Agusti
Joshua R. Taylor
Steptoe & Johnson LLP
1330 Connecticut Ave, NW
Washington, D.C. 20036
(202) 429-3000 (telephone)
(202) 429-3902 (facsimile)

*Counsel for Appellant*
*Mitsubishi Power Systems Americas, Inc.*

#501483

3

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| GLOBAL POWER EQUIPMENT GROUP | ) | Case No. 06-11045 (BLS) |
| INC., *et. al.*, | ) | |
| | ) | Jointly Administered |
| Debtors. | ) | |
| | ) | |
| | ) | |
| MITSUBISHI POWER SYSTEMS | ) | |
| AMERICAS, INC. | ) | |
| | ) | |
| Appellant, | ) | Civil Action No. 06-687 (KAJ) |
| v. | ) | |
| | ) | Appeal from the United States |
| DELTAK, LLC | ) | Bankruptcy Court for the District |
| | ) | of Delaware |
| Appellee. | ) | (The Hon. Brendan L. Shannon) |
| | ) | |

**ORDER**

AND NOW, upon consideration of the Motion of Mitsubishi Power Systems
Americas, Inc. for Leave to File Supplemental Brief ("Motion"),

IT IS HEREBY ORDERED THAT the Motion is granted, and it is

FURTHER ORDERED THAT the *Supplement to Brief of Appellant Mitsubishi
Power Systems Americas, Inc.* is deemed filed and served on November 22, 2006.

_____
United States District Court Judge

#501567

# ATTACHMENT

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re:<br><br>GLOBAL POWER EQUIPMENT<br>GROUP INC., *et al.*,<br>　　　　　　　Debtors. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Chapter 11<br>Bankruptcy Case No. 06-11045 (BLS)<br>Jointly Administered |
| MITSUBISHI POWER SYSTEMS<br>AMERICAS, INC.,<br>　　　　　　　Appellant,<br><br>v.<br><br>DELTAK, LLC,<br>　　　　　　　Appellee. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 06-687 (KAJ)<br><br>Appeal from the United States Bankruptcy<br>Court for the District of Delaware<br>(The Hon. Brendan L. Shannon) |

### SUPPLEMENT TO BRIEF OF APPELLANT
### MITSUBISHI POWER SYSTEMS AMERICAS, INC.

Appellant Mitsubishi Power Systems Americas, Inc. ("MPS"), through counsel, respectfully submits this Supplement to its *Brief of Appellant Mitsubishi Power Systems Americas, Inc.* (Docket No. 7) ("Brief of Appellant"), which was originally filed November 13, 2006.

In the Bankruptcy Court, MPS sought specific performance of continuity provisions in its contract with Debtor Deltak LLC ("Deltak") to purchase from Deltak a Heat Recovery Steam Generator (the "HSRG Purchase Agreement") that required Deltak, in the event of default, to assign its subcontracts and certain Warranties (defined below) to MPS. As explained in the Brief of Appellant, the subcontracts involved certain Catalysts that were due on the job site in Oregon by December 15, 2006. Because that deadline was imminent, and because MPS and the estate faced massive liquidated damages claims if the deadline was not met, MPS focused its Brief of Appellant principally on the Catalyst subcontract issues. However, MPS also sought assignment of the

Warranties below, and it pursues assignment of the Warranties in this appeal as well. Unlike the Catalysts, the Warranties are not time-sensitive.

Both forms of relief—assignment of the Catalyst subcontracts and assignment of the Warranties—were addressed in the same motion proceeding below. They were both disposed of in the same order by the Bankruptcy Court. The legal argument supporting both forms of relief is the same, and is already set out in MPS's Brief of Appellant. In this Supplement, MPS sets out the additional facts relevant to the Warranties for which it seeks assignment, with references to the arguments already made in the Brief of Appellant.

## SUPPLEMENT TO STATEMENT OF FACTS

This appeal concerns MPS's request for specific performance of certain provisions in the HRSG Purchase Agreement.[1] In addition to its provisions requiring assignment of the Catalyst subcontracts,[2] the HRSG Purchase Agreement also contains a covenant under which Deltak agreed to assign certain warranties related to the HRSG (the "Warranties") to MPS.[3] The Warranty provision states in relevant part:

> For the Equipment, Supplier [Deltak] shall ... upon Purchaser's [MPS's] request, use reasonable efforts to obtain for Purchaser and Company, from any respective component manufacturers, warranties substantially identical with Section 19.1, which such warranties shall obligate the respective manufacturers to refurnish, remove and replace nonconforming or defective material or components of the Equipment in substantially the same manner and on terms and conditions substantially similar to those contained herein. Any manufacturer's warranty in excess of the Warranty Periods set forth above shall, to the extent of such excess, be assigned to Purchaser and Company by Supplier

---

[1] *See* Brief of Appellant (Docket No. 7), ¶¶ 5-6; R.159 Ex. 4 (under seal) (HRSG Purchase Agreement); R.156 ¶ 6 (Boukal Aff.).

[2] R.159 Ex. 4 ¶ 29.2.2, 29.2.3 (under seal) (HRSG Purchase Agreement); *see* Brief of Appellant, Statement of Facts ¶ 8.

[3] *See* R.212 (*Limited Opposition by Mitsubishi Power Systems Americas Inc. to Debtors' Motion to Reject Certain Executory Contracts* ("Limited Opposition") (Bankruptcy Court Docket No. 155)) at 19; R.159 Ex. 4 ¶ 19.4.1(under seal) (HRSG Purchase Agreement).

without need for request therefor by Purchaser. All manufacturers' or other warranties shall run directly to Purchaser and Company ....[4]

In its Limited Opposition filed in the Bankruptcy Court, MPS consented to Deltak's rejection of its contract with MPS, but sought to condition such rejection on Deltak's specific performance of two contract provisions—its covenant to assign subcontracts, and its covenant to assign the Warranties.[5] MPS submitted to the Bankruptcy Court a list of the subcontractor-suppliers for which it sought assignment of the Warranties.[6]

The Bankruptcy Court denied MPS's request for specific performance of Deltak's continuity covenants.[7] The Bankruptcy Court's reason—that "neither Bankruptcy Code Section 365 or applicable case law, including that cited by Mitsubishi, mandates or even permits specific performance here"[8]—applies equally to MPS's requests for assignment of the subcontracts and assignment of the Warranties.

## REFERENCES TO PRIOR LEGAL ARGUMENT

In its appeal, MPS acknowledges that it cannot obtain specific performance of Deltak's core substantive obligations under the rejected contract, because to require such core performance

---

[4] Ex. 159 Ex. 4 ¶ 19.4.1 (HRSG Purchase Agreement).

[5] *See* R.212 (*Corrected Limited Opposition by Mitsubishi Power Systems Americas, Inc. to Debtors' Motion to Reject Certain Executory Contracts* ("MPS Limited Opposition") (Bankruptcy Court Docket No. 159)), at 1-2 ("MPS believes, however, that the order must be conditioned on the enforcement of specific remedy and warranty provisions contained in the Port Westward HRSG Contract."); *id.* at 9-10 (seeking condition "that MPS will be allowed to enforce a contractual remedy provision compelling Deltak to assign its subcontracts with Cormetech, BASF, and any other Catalyst-related suppliers to MPS," and "[i]n addition, MPS seeks to enforce a provision in the Contract requiring Deltak to assign certain warranties to MPS, and MPS also requests an assignment to MPS of a provision giving Deltak the right to enforce certain warranties."); *id.* at 19-20 (arguing for specific performance of the contract provision requiring assignment of warranties).

[6] R.212 Ex. 1; *see* R.212 at 20.

[7] *See* R.289 (Order Approving Rejection of Mitsubishi HRSG Contract) at 2 (rejecting Mitsubishi's objections); R.293 (11/6/2006 Tr.) at 13-14 (denying MPS's request "for this Court to order as a condition to rejection of a contract the specific performance of certain terms of that rejected contract to benefit a non-debtor contract party").

[8] R.293 (11/6/2006 Tr.) at 14.

3

would be at odds with the purpose of Section 365 rejection, to relieve burdens imposed on the Debtor. Brief of Appellant at 19, 22. However, MPS seeks specific performance of the contract's remedial continuity provisions, which are intended to govern the relations of the parties after the demise of the contract. Brief of Appellant at 5, 17, 19-21. Those provisions include both Deltak's covenant to assign subcontracts, and its covenant to assign the Warranties.

As MPS argued in its Brief of Appellant, these contractual continuity provisions are standard in the industry, and are intended to provide for the orderly transition and completion of complex construction jobs notwithstanding the default of any one subcontractor on the job. Brief of Appellant at 5, 17, 32. "If Deltak is right that Section 365 rejection prevents enforcement of assignment and takeover provisions, the industry will lose a critical contract tool that has long served to ensure the orderly continuation of projects." *Id.* at 32. Enforcement of these remedial provisions intended to adjust the relations of the parties will impose no burden whatsoever on the Debtor, *id.* at 5, 18, 23, for the simple reason that the Warranties are of no value to the Debtor. They have value only to MPS, which is obligated to furnish such Warranties to the project owner. *Cf. id.* at 29-30. Like the Catalysts, the Warranties' only value to the Debtor consists of holdup value—using them as tools with which to extract additional unearned value from MPS. *See id.* They have no other purchasers and no other value.

In these circumstances, for the same reasons argued in the Brief of Appellant, cited above, MPS is entitled to assignment of the Warranties as well as assignment of the Catalyst subcontracts. This Court should include assignment of the Warranties within the relief requested in MPS's Brief of Appellant.

4

Dated:  November 22, 2006                    Respectfully submitted,


                                             Jeffrey C. Wisler (No. 2795)
                                             Marc J. Phillips (No. 4445)
                                             Connolly Bove Lodge & Hutz LLP
                                             The Nemours Building
                                             1007 North Orange Street
                                             Wilmington, Delaware 19801
                                             Telephone:  (302) 658-9141
                                             Facsimile:  (302) 658-5614


                                                       -and-

                                             Filiberto Agusti
                                             Joshua R. Taylor
                                             Steptoe & Johnson LLP
                                             1330 Connecticut Ave, NW
                                             Washington, D.C. 20036
                                             Telephone:  (202) 429-3000
                                             Facsimile:  (202) 429-3902

                                             *Counsel for Appellant*
                                             Mitsubishi Power Systems Americas, Inc.


501597

5

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that on this 22nd day of November, 2006, I caused a true and correct copy of the **Motion of Mitsubishi Power Systems Americas, Inc. for Leave to File Supplemental Brief** to be served in the manner indicated upon the following counsel:

**BY HAND DELIVERY**

Jeffrey M. Schlerf, Esq.
The Bayard Firm
222 Delaware Avenue, Suite 900
Wilmington, DE 19801

Adam G. Landis, Esq.
Kerri K. Mumford, Esq.
Landis Rath & Cobb LLP
919 Market Street, Suite 600
Wilmington, DE 19801

Stuart M. Brown, Esq.
William E. Chipman, Jr., Esq.
Edwards Angell Palmer & Dodge LLP
919 North Market Street
Wilmington, DE 19801

Joseph McMahon, Esq.
Office of the United States Trustee
844 King Street, Room 2207
Lockbox #35
Wilmington, DE 19801

Christopher A. Ward, Esq.
Klehr Harrison Harvey Branzburg
        & Ellers LLP
919 N. Market Street, Suite 1000
Wilmington, DE 19801

**BY TELEFAX AND U.S. MAIL**

Matthew C. Brown, Esq.
White & Case LLP
Wachovia Financial Center
200 South Biscayne Boulevard, 49th Floor
Miami, FL 33131

Howard L. Siegel, Esq.
Brown Rudnick Berlack Israels LLP
City Place I
185 Asylum Street
Hartford, CT 06103

Steven D. Pohl, Esq.
John C. Elstad, Esq.
Brown Rudnick Berlack Israels LLP
One Financial Center
Boston, MA 02111

Thomas S. Kiriakos, Esq.
Matthew Wargin, Esq.
Mayer, Brown, Rowe & Maw LLP
71 South Wacker
Chicago, IL 60606-4637

Edward S. Weisfelner, Esq.
Brown Rudnick Berlack Israels LLP
7 Times Square
New York, NY 10036

Jeffrey S. Sabin, Esq.
David M. Hillman, Esq.
Schulte Roth & Zabel LLP
919 Third Avenue
New York, NY 10022

**/s/ Jeffrey C. Wisler**
        Jeffrey C. Wisler

#501599