# CONNOLLY BOVE LODGE & HUTZ LLP

### ATTORNEYS AT LAW

WILMINGTON, DE

The Nemours Building
1007 North Orange St.
P.O. Box 2207
Wilmington, DE 19899
TEL: (302) 658 9141
FAX: (302) 658 5614
WEB: www.cblh.com

Marc J. Phillips
TEL (302) 884 6581
FAX (302) 658 0380
EMAIL mphillips@cblh.com
REPLY TO Wilmington Office

November 29, 2006

**BY HAND DELIVERY**
The Honorable Kent A. Jordan
United States District Judge
   for the District of Delaware
J. Caleb Boggs Federal Building
844 North King Street
Room 6325, Lockbox 10
Wilmington, DE  19801

Re:   *In re Deltak LLP, Debtors*, Bankr. No. 06-11045
      *Mitsubishi Power Systems Americas, Inc. v. Deltak LLC*, Civ. A. No. 06-687
      Expedited Appeal from the U.S. Bankruptcy Court for the District of Delaware

Dear Judge Jordan:

We regret having to renew Appellant Mitsubishi Power Systems' request for expedited hearing of this appeal. However, we write respectfully to apprise the Court of extraordinary new developments in the Bankruptcy Court that have restored the urgent need to have this appeal decided before December 15, 2006.

Under the parties' agreed briefing schedule, the appeal will be fully briefed by December 8. We respectfully ask for a hearing as soon as possible during the week of December 11, and for a decision by December 15. Counsel for the Committee and the Debtors have declined to consent to this request for expedition.

As the Court is aware, the underlying dispute concerns three custom-designed parts called "Catalysts," which are pollution control devices needed for completion of a power plant installation in Oregon. Originally, two catalyst machines were at issue: one nitrogen oxide catalyst manufactured by Cormetech, Inc. (the "NOx" or "Cormetech" Catalyst), and one carbon monoxide catalyst manufactured by BASF Catalysts, LLC (the "CO" or "BASF" Catalyst). In its original motion for expedited appeal, Mitsubishi explained it must provide these critical

The Hon. Kent A. Jordan
November 29, 2006
Page 2 of 4

custom parts on the Oregon job site by December 15, or face escalating liquidated damages (against both Mitsubishi and Deltak) starting at $25,000 per day.

Both Deltak and the Official Creditors' Committee opposed expedition, in part on the grounds that Deltak's rejection of the Cormetech contract obviated any dispute with respect to the NOx Catalysts.[1]  Deltak moved to reject the Cormetech contract on November 15, and the rejection was approved (without opposition) in a November 17, 2006 final order.  In reliance on the unopposed rejection, Mitsubishi has purchased the NOx Catalyst directly from Cormetech.

Mitsubishi informed this Court of these developments in its November 19, 2006 letter to the Court.  Because the NOx Catalyst issue had been resolved with the consent of all parties, and because Mitsubishi also believed it had resolved the remaining issue by contracting with BASF for a CO Catalyst, Mitsubishi informed this Court that it was no longer necessary to decide this appeal on an emergency basis.[2]

Yesterday, Mitsubishi received an extraordinary motion filed by the Creditors' Committee in the Bankruptcy Court—a motion to reconsider the rejection of the Cormetech contract.[3]  The motion is surprising and improper because it seeks to undo a final order that was supported by all parties, including the Committee, after Cormetech and Mitsubishi have relied on that order to conclude a purchase of the Cormetech Catalyst.  Now, after having told this Court that this appeal should not be expedited because the Cormetech issues have been resolved, the Committee (with the support of the Debtors) seeks to undo that resolution, revive the Cormetech dispute, and thereby prevent Mitsubishi from obtaining the custom parts that it critically needs on the Oregon job site by December 15, 2006.

The Committee, the Debtors, and their lenders reversed course after learning that Mitsubishi had contracted with BASF for a CO Catalyst.[4]  Upon thus learning that Deltak might no longer be able to withhold the CO Catalyst as a hostage for ransom, the Committee, with Deltak's support, now seeks to claw back the Cormetech NOx Catalyst, so that Deltak will once

---

[1] Deltak took this position in its opposition to expedition filed November 15, 2006. D.I. 8 at 14-15 (Heading A & ¶¶ 15-17) (Appellee's Response in Opposition to Mitsubishi's Motion for Expedited Action).  Deltak and the Committee both adhered to this opposition to expedition, for the same reason, in the parties' November 16 conference call with this Court.

[2] D.I. 11 (Letter to the Court from Jeffrey C. Wisler).

[3] Bankr. Dkt. 413 (Creditors' Committee Motion Pursuant to Fed. R. Bankr. P. 9023 to Reconsider Order Granting Debtors' Motion Pursuant to 11 U.S.C. §§ 105 and 365 For Authority to Reject the Cormetech Port Westward Contract) ("Motion to Reconsider").

[4] Mitsubishi's purchase of a CO Catalyst from BASF is cited as "new evidence" supporting reconsideration of the Cormetech rejection, and is the only substantive reason given for Deltak's and the Committee's change of position. Motion to Reconsider at 7-8 (¶¶ 20-22). (The Committee also reports that Deltak's senior lenders have changed position and are now willing to fund assumption of the Cormetech contract, again based only on learning of Mitsubishi's purchase of a CO Catalyst from BASF. *Id.* at 8 (¶ 23).)

The Hon. Kent A. Jordan
November 29, 2006
Page 3 of 4

again hold a critically needed part without which Mitsubishi cannot honor its obligations to the Oregon power plant owner. The Committee has thereby joined Deltak's strategy of trying to ensure that Mitsubishi may obtain its custom parts (for which Deltak has no use or purchaser other than Mitsubishi) only by paying ransom to Deltak. Deltak and the Creditors' Committee have also intimated—without disclosing the full legal basis for their intimations—that Deltak may somehow have rights that prevent Mitsubishi from taking delivery of a BASF CO catalyst.

Mitsubishi will oppose the Committee's motion for reconsideration in due course in the Bankruptcy Court. Similarly, whether Deltak's remedial continuity covenants allow it to withhold critical parts for ransom is a question for this Court to resolve on the merits of this appeal. What is important for current scheduling purposes is that the Debtors and the Committee continue to try to prevent Mitsubishi from obtaining its critical parts by the December 15 deadline. This dangerous game of "chicken" can be avoided, and the parties can resolve their dispute in orderly and rational fashion, only if they receive an adjudication of their respective rights in the Catalyst subcontracts before the December 15 deadline is upon them.

The parties have already agreed on a briefing schedule that will have this appeal fully briefed by December 8, 2006. In order to receive an adjudication of the parties' rights before the December 15 deadline, Mitsubishi respectfully requests that the Court order a hearing as soon as the Court's schedule permits the week of December 11, with an expedited decision on or before December 15.[5]

Respectfully yours,

Marc J. Phillips
*Counsel for Appellant Mitsubishi*
*Power Systems Americas, Inc.*

cc:     Clerk of the Court (via hand delivery)
        Jeffrey M. Schlerf, Esq. (via e-mail)
        Eric M. Sutty, Esq. (via e-mail)
        Adam G. Landis, Esq. (via e-mail)
        Kerri K. Mumford, Esq. (via e-mail)
        Stuart M. Brown, Esq. (via e-mail)
        William E. Chipman, Jr., Esq. (via e-mail)
        Joseph McMahon, Esq. (via e-mail)
        Christopher A. Ward, Esq. (via e-mail)
        John K. Cunningham, Esq. (via e-mail)
        Frank L. Eaton, Esq. (via e-mail)
        Howard L. Siegel, Esq. (via e-mail)

---

[5] If the week of December 11 is inconvenient for the Court, Mitsubishi would be willing to expedite its reply brief in order to allow argument on December 7 or 8. Mitsubishi respectfully requests at least two days, until December 6, for its reply.

The Hon. Kent A. Jordan
November 29, 2006
Page 4 of 4

      Steven D. Pohl, Esq. (via e-mail)
      John C. Elstad, Esq. (via e-mail)
      Edward S. Weisfelner, Esq. (via e-mail)
      Jeffrey S. Sabin, Esq. (via e-mail)
      Thomas S. Kiriakos, Esq. (via e-mail)
      Andrew Sloniewsky, Esq. (via e-mail)
      Filiburto Agusti, Esq. (via e-mail)

#502272v1