IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>GLOBAL POWER EQUIPMENT GROUP INC., et al.,<br><br>　　　　　　　　　Debtors. | Chapter 11<br><br>Case No. 06-11045 (BLS)<br><br>Jointly Administered |
| MITSUBISHI POWER SYSTEMS AMERICAS, INC.,<br><br>　　　　　　　　　Appellant,<br><br>v.<br><br>DELTAK, L.L.C.,<br><br>　　　　　　　　　Appellee. | Civil Action No. 06-00687 (KAJ) |

**MOTION OF THE OFFICIAL COMMITTEE OF UNSECURED
CREDITORS TO INTERVENE IN ACTION PURSUANT TO
11 U.S.C. § 1109(a) AND FED. R. BANKR. P. 7024**

The Official Committee of Unsecured Creditors (the "Creditors' Committee") of Global Power Equipment Group Inc. and its affiliated debtors and debtors-in-possession (collectively, the "Debtors") hereby submits this Motion of the Official Committee of Unsecured Creditors to Intervene in Action Pursuant to 11 U.S.C. § 1109(a) and Fed. R. Bankr. P. 7024 (the "Motion"). In support of the Motion, the Creditors' Committee states as follows:

## BACKGROUND

1.　　On September 28, 2006 (the "Petition Date"), Deltak L.L.C. ("Deltak") and each of the other Debtors filed a voluntary petition for relief under chapter 11 of title of 11 of the United States Code, §§ 101, *et seq.* (as amended, the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Court").

2. The Debtors are operating their businesses and managing their properties as debtors-in-possession pursuant to Bankruptcy Code Sections 1107 and 1108.

3. On September 29, 2006, the Debtors filed the Debtors' Motion Pursuant to 11 U.S.C. §§ 105, 363 and 365 for an Order Authorizing Debtors to (I) Wind Down Operations of the Heat Recovery Steam Generation Business Segment Operated by the Deltak Debtors, (II) Reject Certain Executory Contracts in Connection Therewith; and (III) Implement Procedures for the Orderly Completion of Work in Progress (the "Wind Down Motion"). Among other things, the Wind Down Motion sought rejection of that certain Purchase Agreement for Heat Recovery Steam Generator and Auxiliaries for the Port Westward Generating Facility (the "Port Westward Contract") between Deltak and Mitsubishi Power Systems, Inc. ("Mitsubishi").

4. On October 3, 2006, the Court entered an order (as subsequently amended or modified, the "Wind Down Order"), which authorized Deltak to wind down its heat recovery steam generation ("HRSG") business segment and authorized Deltak to negotiate certain agreements (the "Completion Agreements") that would permit the completion of certain HRSG contracts. Pursuant to the Wind Down Order, as amended at the request of the Creditors' Committee, the Debtors are required to provide the Creditors' Committee with proposed Completion Agreements and if any of the Creditors' Committee's objections cannot be consensually resolved, the Debtors may request Court approval of the disputed Completion Agreement on an expedited basis.

5. On October 10, 2006, the office of the United States Trustee appointed the Creditors' Committee. On November 9, 2006, the office of the United States Trustee appointed the Official Committee of Equity Security Holders.

6. On October 24, 2006, Mitsubishi filed its Corrected Limited Opposition to Debtors' Motion to Reject Certain Executory Contracts (the "Mitsubishi Objection"). Pursuant to the Mitsubishi Objection, Mitsubishi did not object to the rejection of the Port Westward Contract but instead sought to condition such rejection on an alleged specific performance remedy and warranty provisions of the Port Westward Contract. By the Mitsubishi Objection, Mitsubishi sought to require the Debtors to assign to it two of Deltak's subcontracts necessary to complete the Port Westward project – (a) Deltak's subcontract with Cormetech, Inc. regarding the supply of a NOx catalyst and (b) Deltak's subcontract with BASF to supply a CO catalyst.

7. On November 1, 2006, the Court held an evidentiary hearing on the Mitsubishi Objection and the Debtors' motion to reject the Mitsubishi Contract (the "Mitsubishi Hearing"). The Court ruled on the Mitsubishi Objection and related rejection motion on November 6, 2006 and issued a written order on November 9, 2006 (the "Mitsubishi Order"), granting the rejection of the Mitsubishi Contract and overruling the Mitsubishi Objection.

8. On November 7, 2006, Mitsubishi filed an appeal (the "Appeal") of the Mitsubishi Order and requested expedited consideration thereof (the "Expedited Motion"). By letter to the Court dated November 19, 2006, Mitsubishi advised that it no longer is seeking expedited consideration of the Appeal.

## ARGUMENT

### A. The Creditors' Committee Has an Unqualified Statutory Right to Intervene in the Appeal

9. Intervention in the Appeal is governed by Federal Rule of Civil Procedure ("Federal Rule") 24(a), as incorporated by Federal Rule of Bankruptcy Procedure ("Bankruptcy Rule") 7024. Federal Rule 24(a) provides as follows:

> **Intervention of Right.** Upon timely application anyone shall be permitted to intervene in an action: (1) when a statute of the United States confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

Fed. R. Civ. P. 24(a)

10. The Creditors' Committee has an absolute right to intervene in the Appeal pursuant to Bankruptcy Code Section 1109(b), which provides in relevant part that "[a] party in interest, including ... a creditors' committee ... may raise and may appear and be heard on any issue in a case under this chapter." This section provides the Creditors' Committee an unqualified and unconditional right to intervene in the Appeal. *Phar-Mor, Inc. v. Coopers & Lybrand*, 22 F.3d 1128, 1232 (3d Cir. 1994) ("this court held in *Marin* that § 1109 gives a creditors' committee an unconditional right to intervene in an adversary proceeding initiated by a trustee in a case under Chapter 11"); *Official Unsecured Creditors Comm. v. Michaels (In re Marin Motor Oil)*, 689 F.2d 445, 451-53 (3d Cir. 1982) (referring to an unqualified right to intervene).

11. Accordingly, the Creditors' Committee has an absolute right to intervene in the Appeal. In addition, such intervention is necessary to for the Creditors' Committee to exercise its fiduciary duty to "provide supervision of the debtor in possession and of the trustee, and will protect their constituent's interests." *Marin*, 689 F.2d. at 455-56.

## B. The Creditors' Committee is Entitled to Intervene as of Right Because it Satisfies the Elements of Federal Rule 24(a)(2)

12. An entity is permitted to intervene in a proceeding under Federal Rule 24(a)(2) "when the applicant claims an interest relating to the property or transaction which is

the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties." Fed. R. Civ. P. 24(a)(2).

13. The Creditors' Committee has an interest in the disposition of the Appeal, including resolution of any potential claims against the Debtors' estates that may arise out of the rejection of the Port Westward Contract. The resolution of the Appeal will have a direct impact on claims Mitsubishi might assert and, consequently, has a direct effect on potential distributions to unsecured creditors of the Deltak estate.

14. The Creditors' Committee has actively participated and continues to actively participate in the proceedings below. Its participation in the Appeal is necessary to protect the interests of its constituents.

15. Moreover, this Motion is timely. The Debtors' response brief has not yet been filed and no party will be prejudiced by the Creditors' Committee's intervention.

## CONCLUSION

WHEREFORE, the Creditors' Committee requests that the Court enter an order allowing the Creditors' Committee to intervene in the Appeal and grant such other and further relief that is just and proper.

Dated: Wilmington, Delaware
November 29, 2006

LANDIS RATH & COBB LLP

Adam G. Landis (No. 3407)
Kerri M. Mumford (No. 4186)
919 Market Street, Suite 600
P.O. Box 2087
Wilmington, Delaware 19899
Telephone: (302) 467-4400
Facsimile: (302) 467-4500

- and -

Jeffrey S. Sabin
David M. Hillman
**SCHULTE ROTH & ZABEL LLP**
919 Third Avenue
New York, New York 10022
Telephone: (212) 756-2000
Facsimile: (212) 593-5955

Attorneys for the Official Committee
of Unsecured Creditors

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>GLOBAL POWER EQUIPMENT GROUP INC., et al.,<br><br>　　　　　　　　　　Debtors. | Chapter 11<br><br>Case No. 06-11045 (BLS)<br><br>Jointly Administered |
| MITSUBISHI POWER SYSTEMS AMERICAS, INC.,<br><br>　　　　　　　　　　Appellant,<br><br>v.<br><br>DELTAK, L.L.C.,<br><br>　　　　　　　　　　Appellee. | Civil Action No. 06-00687 (KAJ) |

## ORDER

Upon consideration of the Motion of the Official Committee of Unsecured Creditors to Intervene in Action Pursuant to 11 U.S.C. § 1109(a) and Fed. R. Bankr. P. 7024 (the "Motion")[1], it is hereby

ORDERED, THAT:

1. the Motion is granted.

2. the Committee is allowed to intervene in the Appeal.


Dated: November ____, 2006
       Wilmington, Delaware

　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　The Honorable Kent A. Jordan
　　　　　　　　　　　　　　　　　　　　　United States District Court Judge

---

[1]  Capitalized terms not otherwise defined herein shall assume the meanings ascribed to them in the Motion.

586.001-14791

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>GLOBAL POWER EQUIPMENT GROUP INC., et al.,<br><br>　　　　　　　　Debtors.<br>MITSUBISHI POWER SYSTEMS AMERICAS, INC.,<br><br>　　　　　　　　Appellant,<br><br>v.<br><br>DELTAK, L.L.C.,<br><br>　　　　　　　　Appellee. | Chapter 11<br><br>Case No. 06-11045 (BLS)<br><br>Jointly Administered<br><br><br><br>Civil Action No. 06-00687 (KAJ) |

### AFFIDAVIT OF SERVICE

STATE OF DELAWARE　　)
　　　　　　　　　　　　) SS
NEW CASTLE COUNTY　　)

　　　　Joan M. Hofmann, being duly sworn according to law, deposes and says that she is employed by the law firm of Landis Rath & Cobb LLP, attorneys for the Official Committee of Unsecured Creditors in the above referenced cases, and on the 29th day of November, 2006, she caused a copy of the following:

**MOTION OF THE OFFICIAL COMMITTEE OF UNSECURED
CREDITORS TO INTERVENE IN ACTION PURSUANT TO
11 U.S.C. § 1109(a) AND FED. R. BANKR. P. 7024**

to be served upon the parties identified on the attached service list in the manner indicated.

　　　　　　　　　　　　　　　　　_Joan M. Hofmann_
　　　　　　　　　　　　　　　　　Joan M. Hofmann

　　SWORN TO AND SUBSCRIBED before me this 29th day of November, 2006.

　　　　　　　　　　　　　　　　　_Cathy A. Adams_
　　　　　　　　　　　　　　　　　Notary Public
　　　　　　　　　　　　　　　　　My Commission Expires: _____

586.001-14603

CATHY A. ADAMS
NOTARY PUBLIC
STATE OF DELAWARE
My Commission Expires March 5, 2010

**Global Power Equipment Group Inc., Case No. 06-11045 (BLS)**
**Core Group Service List**

Jeffrey M. Schlerf, Esq.
Eric M. Sutty, Esq.
Mary E. Augustine, Esq.
The Bayard Firm
222 Delaware Avenue, Suite 900
Wilmington, DE 19801
*Hand Delivery*

Jeffrey S. Sabin, Esq.
David M. Hillman, Esq.
Schulte Roth & Zabel LLP
919 Third Avenue
New York, NY 10022
*First Class Mail*

Jeffrey C. Wisler, Esq.
Marc J. Phillips, Esq.
Connolly Bove Lodge & Hutz LLP
1007 N. Orange Street
Wilmington, DE 19801
*Hand Delivery*

Thomas S. Kiriakos, Esq.
Mayer, Brown, Rowe & Maw LLP
71 South Wacker
Chicago, IL 60606
*First Class Mail*

Christopher A. Ward, Esq.
Klehr, Harrison, Harvey, Branzburg & Ellers LLP
919 N. Market Street, Suite 1000
Wilmington, DE 19801
*Hand Delivery*

Howard L. Siegel, Esq.
Brown Rudnick Berlack Israels LLP
CityPlace
185 Asylum Street
Hartford, CT 06103
*First Class Mail*

William E. Chipman, Jr., Esq.
Edwards Angell Palmer & Dodge LLP
919 Market Street, 15th Floor
Wilmington, DE 19801
*Hand Delivery*

Steven D. Pohl, Esq.
Brown Rudnick Berlack Israels LLP
One Financial Center
Boston, MA 02111
*First Class Mail*

Joseph J. McMahon, Jr., Esq.
Office of the United States Trustee
844 N. King Street, Suite 2207
Lock Box 35
Wilmington, DE 19801
*Hand Delivery*

Thomas E. Lauria, Esq.
Gerald Uzzi, Esq.
Matthew C. Brown, Esq.
White & Case LLP
Wachovia Financial Center
200 South Biscayne Blvd., 49th Floor
Miami, FL 33131
*First Class Mail*

Filiberto Agusti, Esq.
Joshua R. Taylor, Esq.
Steptoe & Johnson LLP
1330 Connecticut Avenue, NW
Washington, DC 20036
*First Class Mail*

586.001-14792