# THE BAYARD FIRM
A T T O R N E Y S

222 DELAWARE AVENUE, SUITE 900
P.O. BOX 25130
WILMINGTON, DE 19899
ZIP CODE FOR DELIVERIES: 19801

MERITAS LAW FIRMS WORLDWIDE
www.bayardfirm.com
302-655-5000
(FAX) 302-658-6395

WRITER'S DIRECT ACCESS

(302) 429-4218
jschlerf@bayardfirm.com

November 29, 2006

VIA HAND DELIVERY & ELECTRONIC FILING

The Honorable Kent A. Jordan
United States District Judge for the District of Delaware
J. Caleb Boggs Federal Building
844 North King Street
Room 6325, Lockbox 10
Wilmington, DE 19801

Re:  Global Power Equipment Group Inc., et al. (collectively, the "Debtors"), Chapter 11 Case No. 06-11045 (BLS); Mitsubishi Power Systems America, Inc. v. Deltak, L.L.C., Civil Action No. 06-687 (KAJ)

Dear Judge Jordan:

On behalf of the Debtors, I write in opposition to Appellant Mitsubishi Power Systems America, Inc.'s ("Mitsubishi" or "Appellant") letter request dated November 29, 2006. Mitsubishi seeks by letter, in lieu of a motion, to "renew" its request for an expedited appeal.

As the Court will recall, Mitsubishi withdrew that requested relief by letter dated November 19, 2006. At that time, Appellant's stated reasons why an emergency appeal was no longer necessary were: a) Mitsubishi had made its own arrangements with BASF (with whom the debtor Deltak still has an executory contract) to supply a CO catalyst; and b) Deltak's executory contract with Cormetech, the supplier of the NOx catalyst, had been rejected.[1] The Debtors and other parties relied upon that change in position.

---

[1] It is worth noting that at the time of the telephonic hearing before this Court on November 16, 2006, the day after the Debtors' filed their motion to reject the Cormetech subcontract, it should have been clear to all parties including Appellant that such rejection would be approved without opposition at the hearing the following day. That left as

644384-1

THE BAYARD FIRM

The Honorable Kent A. Jordan
November 29, 2006
Page 2


     Now, 10 days after it withdrew its request for an expedited appeal, Mitsubishi points to "extraordinary new developments." These developments purportedly require this Court to not only hear oral argument but decide the appeal before December 15. As best the Debtors can determine, the sole grounds for "renewing" an expedited appeal is the filing of a motion for reconsideration by the official committee of unsecured creditors (the "Creditors' Committee") in the Bankruptcy Court. The Creditors' Committee's motion seeks reconsideration of the Bankruptcy Court's Order approving the rejection of the Cormetech subcontract. The thrust of that motion is that there are newly discovered facts (and additional facts to be developed) which warrant reconsideration of a matter previously considered on an expedited basis after the Debtors were required to make a quick decision to assume or reject.[2] These facts include the conduct of Mitsubishi prior to and during the proceedings before the Bankruptcy Court, Mediator and District Court and, significantly, the senior lender's expressed willingness to support an assumption of the subcontract.

     Appellant characterizes the Creditors' Committee's action as an effort to extract "ransom," in concert with the Debtors. Appellant asserts that the Committee's motion jeopardizes the delivery of the NOx catalyst by December 15, but does not explain specifically why. If adherence to a December 15 delivery deadline remains a concern, Mitsubishi should also explain to this Court how a brand new CO catalyst allegedly being manufactured by BASF will meet that same delivery date. Even it is accurate that Appellant has recently contracted with BASF for a new catalyst, (putting aside the legal ramifications from doing that) by Mitsubishi's own admission in papers filed in the Bankruptcy Court a 5 - 6 month assembly period is required. In fact, it is Deltak's understanding that at most, the assembly process can be shortened to not less than three and one-half months under the best of circumstances. Conveniently, Mitsubishi does not address that timing issue.

     The Debtors and this Court have been told that Mitsubishi has made arrangements with Cormetech for delivery of the NOx catalyst. Is the concern then that Mitsubishi's own sister company will not follow through until the Creditors' Committee motion is decided? Surely not. If it were a legitimate concern, Mitsubishi should be addressing the Creditors' Committee's motion in the Bankruptcy Court, where it is pending. Mitsubishi can try to convince the Bankruptcy Court that the matter should be heard before Appellant's alleged deadline. In the meantime, a request before this Court for reconsideration of whether this appeal should be expedited is premature.

---

the other purported ground for an expedited appeal the need for the NOx catalyst, yet during this time Mitsubishi apparently was successfully negotiating with BASF, unbeknownst to the Debtors, the Court and the Mediator.

[2] Cormetech, which the Debtors believe is an affiliate of Mitsubishi, filed on an expedited basis a motion to compel Deltak to assume or reject the Cormetech subcontract. The motion was granted, requiring a decision in 9 days.

644384-1

THE BAYARD FIRM

The Honorable Kent A. Jordan
November 29, 2006
Page 3

      For these reasons, Appellant does not demonstrate a sufficient basis for suddenly changing course and expediting this appeal. The Debtors' chapter 11 cases have seen a significant amount of activity in the Bankruptcy Court in the first two months and that is expected to continue. The Debtors were hopeful that a mediation would ultimately relieve parties from litigating these particular matters. Although that effort did not succeed, these estates should not be burdened with an expedited appeal when there is not a demonstrated need for proceeding in that fashion.

      As always, I am available if the Court has any questions or concerns.

Respectfully submitted,

Jeffrey M. Schlerf

cc:    Clerk of the Court (via hand delivery)
       Marc J. Phillips, Esq. (via hand delivery)
       Filiberto Agusti, Esq. (via facsimile)
       Jeffrey S. Sabin, Esq. (via facsimile)
       Adam G. Landis, Esq. (via facsimile)
       Thomas S. Kiriakos, Esq. (via facsimile)
       William E. Chipman, Jr., Esq. (via facsimile)
       Joseph McMahon, Esq. (via facsimile)
       Howard L. Siegel, Esq. (via facsimile)
       John C. Elstad, Esq. (via facsimile)