IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>GLOBAL POWER EQUIPMENT<br>GROUP INC., *et al.*,<br>　　　　Debtors. | Chapter 11<br>Bankruptcy Case No. 06-11045 (BLS)<br>Jointly Administered |
| MITSUBISHI POWER SYSTEMS<br>AMERICAS, INC.,<br>　　　　Appellant,<br><br>v.<br><br>DELTAK, LLC,<br>　　　　Appellee. | Civil Action No. 06-687 (KAJ)<br><br>Appeal from the United States Bankruptcy<br>Court for the District of Delaware<br>(The Hon. Brendan L. Shannon)<br><br>**Related to Docket No. 16** |

**APPELLANT MITSUBISHI POWER SYSTEMS AMERICAS, INC.'S
REPLY IN SUPPORT OF ITS MOTION FOR LEAVE TO FILE
A SUPPLEMENT TO ITS BRIEF ON APPEAL**

Appellant Mitsubishi Power Systems Americas, Inc. ("Mitsubishi"), through counsel, respectfully submits the following reply in support of its November 22, 2006 motion for leave to file a supplement to its appeal brief [D.I. 16].

1. Mitsubishi submitted its supplement, along with its motion for leave to file, on November 22, 2006. The Debtors agreed to the current briefing schedule, which puts their appeal brief due December 4, 2006, on November 27, 2006—*after* Mitsubishi filed its supplement. Thus, Debtors knew about the supplement at the time, and nonetheless agreed to the December 4, 2006 filing date. Mitsubishi's four-page supplement imposes no new burden that Debtors did not know about when they agreed to file their brief on December 4.

2. Mitsubishi's supplement contains no new legal argument. There are no new authorities of any kind cited in the supplement. The supplement cites only to the arguments

already made in Mitsubishi's previously filed brief. *See* Supplement at 3-4. In this manner, Mitsubishi has attempted to explain to the parties and the Court, in a manner analogous to a letter under Federal Rule of Appellate Procedure 28(j), how the new facts in its supplement fit with its previously existing legal argument. There is nothing in Mitsubishi's supplement that requires any additional time or analysis beyond the arguments already made in Mitsubishi's opening brief.

    3. The Debtors have already had, with Mitsubishi's agreement, more than the 15 days allowed for a brief under the Bankruptcy Rules. Mitsubishi's opening brief was filed November 13, 2006 (D.I. 7). Under the 15-day rule that Debtors invoke (Fed. Bankr. R. 8009(a)(2)), the Debtors' brief was due November 28, 2006.[1] Nonetheless, after filing its supplement, Mitsubishi voluntarily agreed to give the Debtors an additional six days, until December 4, to file their brief. There is nothing in Mitsubishi's supplement that requires more than six days' additional time to respond, beyond the full 15 days Debtors have received under the Rules.

    4. As the Court is aware from other papers, the most important date in this appeal is December 15, 2006, the date on which the Catalysts in dispute must be delivered to the Oregon job site, or else both Mitsubishi and the bankruptcy estate will begin to incur massive and escalating liquidated damages. The Debtors' strategic interest lies in delay (no matter the inconvenience to the Court or other parties), so that Mitsubishi will be "jammed" and the Debtors' perceived leverage in this game of chicken will increase.

    5. For the reasons explained in Mitsubishi's original motion to expedite the appeal and in its letter submitted to the Court earlier today (November 29, 2006), the Court should maintain the current briefing schedule, and should advance the date of hearing, so that the parties may have an adjudication of their respective rights before the December 15, 2006 contract deadline. In the event that the Court agrees with the Debtors that Mitsubishi's four-page supplement requires a

---

[1] *See* D.I. 14 (Nov. 16 transcript) at 21:17-18.

full fifteen days for Debtors to respond, Mitsubishi would forego its supplement rather than delay the existing briefing schedule. Mitsubishi respectfully submits, however, that its supplement imposes no burden on the Debtors, certainly none that requires a delay in excess of the six additional days to which Mitsubishi has already voluntarily consented.

6. Because the Debtors have no objection to the supplement other than timing, the Court should grant leave for Mitsubishi's supplement, and should maintain the current agreed briefing schedule.

Dated: November 29, 2006

Respectfully submitted,

Marc J. Phillips (No. 4445)
Connolly Bove Lodge & Hutz LLP
The Nemours Building
1007 North Orange Street
Wilmington, Delaware 19801
(302) 658-9141 (telephone)
(302) 658-0380 (facsimile)
mphillips@cblh.com

-and-

Filiberto Agusti
Joshua R. Taylor
Steptoe & Johnson LLP
1330 Connecticut Ave, NW
Washington, D.C. 20036
(202) 429-3000 (telephone)
(202) 429-3902 (facsimile)
fagusti@steptoe.com
jrtaylor@steptoe.com

*Counsel for Appellant*
*Mitsubishi Power Systems Americas, Inc.*

#502545v1

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on this 29th day of November, 2006, I caused a true and correct copy of the **Appellant Mitsubishi Power Systems Americas, Inc.'s Reply in Support of its Motion for Leave to File a Supplement to its Brief on Appeal** to be served in the manner indicated upon the following counsel:

**BY HAND DELIVERY**

Jeffrey M. Schlerf, Esq.
The Bayard Firm
222 Delaware Avenue, Suite 900
Wilmington, DE  19801

Adam G. Landis, Esq.
Kerri K. Mumford, Esq.
Landis Rath & Cobb LLP
919 Market Street, Suite 600
Wilmington, DE  19801

Stuart M. Brown, Esq.
William E. Chipman, Jr., Esq.
Edwards Angell Palmer & Dodge LLP
919 North Market Street
Wilmington, DE  19801

Joseph McMahon, Esq.
Office of the United States Trustee
844 King Street, Room 2207
Lockbox #35
Wilmington, DE  19801

Christopher A. Ward, Esq.
Klehr Harrison Harvey Branzburg
  & Ellers LLP
919 N. Market Street, Suite 1000
Wilmington, DE  19801

**BY TELEFAX AND U.S. MAIL**

Matthew C. Brown, Esq.
White & Case LLP
Wachovia Financial Center
200 South Biscayne Boulevard, 49th Floor
Miami, FL  33131

Howard L. Siegel, Esq.
Brown Rudnick Berlack Israels LLP
City Place I
185 Asylum Street
Hartford, CT 06103

Steven D. Pohl, Esq.
John C. Elstad, Esq.
Brown Rudnick Berlack Israels LLP
One Financial Center
Boston, MA 02111

Thomas S. Kiriakos, Esq.
Matthew Wargin, Esq.
Mayer, Brown, Rowe & Maw LLP
71 South Wacker
Chicago, IL  60606-4637

Edward S. Weisfelner, Esq.
Brown Rudnick Berlack Israels LLP
7 Times Square
New York, NY 10036

Jeffrey S. Sabin, Esq.
David M. Hillman, Esq.
Schulte Roth & Zabel LLP
919 Third Avenue
New York, NY 10022

*/s/ Marc J. Phillips*
Marc J. Phillips