IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| GLOBAL POWER EQUIPMENT GROUP | ) | Case No. 06-11045 |
| INC., *et al.*, | ) | |
| | ) | Jointly Administered |
| Debtors. | ) | |
| | ) | |

## NOTICE OF APPEAL

Mitsubishi Power Systems Americas, Inc. ("MPS"), a creditor of Debtor, Deltak, LLC ("Debtor" or "Deltak"), appeals under 28 U.S.C. § 158(a) from the ruling of the bankruptcy judge with respect to the Debtors' Motion Pursuant to 11 U.S.C. §§ 105, 363 and 365 For an Order Authorizing Debtors to (I) Wind Down Operations of the Heat Recovery Steam Generation Business Segment Operated By the Deltak Debtors, (II) Reject Certain Executory Contracts in Connection Therewith, and (III) Implement Procedures for the Orderly Completion of Work in Progress [Docket No. 12] and MPS' Corrected Limited Opposition By Mitsubishi Power Systems Americas, Inc., To Debtors' Motion to Reject Certain Executory Contract [Docket No. 159] rendered in open court on November 6, 2006.

The names of all parties to the judgment, order, or decree appealed from and the names, address, and telephone numbers of their respective attorneys are as follows:

**Debtor:**

Jeffrey M. Schlerf
Eric M. Sutty
Mary E. Augustine
The Bayard Firm
222 Delaware 19801

Thomas E. Lauria
Gerard Uzzi
Matthew C. Brown
White & Case LLP
Wachovia Financial Center
200 South Biscayne Boulevard, 49th Floor
Miami, Florida 33131

**Official Committee of Unsecured Creditors:**

Adam G. Landis
Kerri K. Mumford
Landis Rath & Cobb LLP
919 Market Street, Suite 600
Post Office Box 2087
Wilmington, Delaware 19899

Jeffrey S. Sabin
Adam C. Harris
David M. Hillman
Schulte Roth & Zabel LLP
919 Third Avenue
New York, New York 10022

**U.S. Trustee:**

United States Trustee
844 King Street, Room 2207
Lockbox #35
Wilmington, DE 19899-0035

**Cormetech, Inc.:**

Ian Connor Bifferato
Chad J. toms
1308 Delaware Avenue
Wilmington, Delaware 19899

Gregory J. Mascitti
Nixon Peabody LLP
1300 Clinton Square
Rochester, NY 14604

Dated: November 7, 2006
       Wilmington, Delaware

CONNOLLY BOVE LODGE & HUTZ LLP

*/s/ Marc J. Phillips*

Marc J. Phillips (No. 4445)
The Nemours Building
1007 North Orange Street
Wilmington, Delaware 19801
(302) 658-9141

-and-

Filiberto Agusti
Joshua R. Taylor
Steptoe & Johnson LLP
1330 Connecticut Ave, NW
Washington, D.C. 20036
(202) 429-3000 (telephone)
(202) 261-0658 (facsimile)
Counsel for Mitsubishi Power Systems Americas, Inc.

#498426v1

- 3 -

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

## APPEAL TRANSMITTAL SHEET

Case Number: __06-11045__   ● BK   ○ AP
If AP, related BK Case Number: _____

Title of Order Appealed:
See attachment

Docket Number: __195__   Date Entered: __10/26/06__

Item Transmitted:   ● Notice of Appeal          ○ Motion for Leave to Appeal
                    ○ Amended Notice of Appeal  ○ Cross Appeal
                    Docket Number: __270__      Date Filed: __11/7/06__

*Appellant/Cross Appellant:                *Appellee/Cross Appellee
Mitsubishi Power Systems Americas, Inc.    Deltak, L.L.C.

Counsel for Appellant:                     Counsel for Appellee:
Marc J. Phillips                           Jeffrey M. Schlerf, Eric M. Sutty,
Connolly Bove Lodge & Hutz LLP             Mary E. Augustine
The Nemours Building                       The Bayard Firm
1007 North Orange Street                   222 Delaware Avenue, Suite 900
Wilmington, Delaware 19801                 Wilmington, Delaware 19801

*If additional room is needed, please attach a separate sheet.

Filing Fee paid?   ● Yes   ○ No

IFP Motion Filed by Appellant?   ○ Yes   ● No

Have Additional Appeals to the Same Order been Filed?   ○ Yes   ● No
   If so, has District Court assigned a Civil Action Number?   ○ Yes   ○ No   Civil Action # _____

Additional Notes:
_____

__12/1/06__                               By: __M. Lopez__
Date                                          Deputy Clerk

                                          FOR USE BY U.S. BANKRUPTCY COURT
Bankruptcy Court Appeal (BAP) Number: __06-72__
7/6/06

# ATTACHMENT

Title of Order Appealed:

Order (Amended) Granting In Part Debtors' Motion For An Order Authorizing Debtors To (i) Wind Down Operations of the Heat Recovery Steam Generation Business Segment Operated by the Deltak Debtors, (ii) Reject Certain Executory Contracts in Connection Therewith, and (iii) Implement Procedures for the Orderly Completion of Work in Progress

Additional Counsel for Appellant:

Filiberto Agusti
Joshua R. Taylor
Steptoe & Johnson LLP
1330 Connecticut Ave., NW
Washington, D.C. 20036

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | ) Chapter 11 |
| GLOBAL POWER EQUIPMENT GROUP INC., et al., | ) Case No. 06-11045 (BLS) |
| Debtors. | ) Jointly Administered |
| | ) Re: Docket No. 12 |

**AMENDED ORDER GRANTING IN PART DEBTORS' MOTION PURSUANT TO 11 U.S.C. §§ 105, 363 AND 365 FOR AN ORDER AUTHORIZING DEBTORS TO (I) WIND DOWN OPERATIONS OF THE HEAT RECOVERY STEAM GENERATION BUSINESS SEGMENT OPERATED BY THE DELTAK DEBTORS, (II) REJECT CERTAIN EXECUTORY CONTRACTS IN CONNECTION THEREWITH, AND (III) IMPLEMENT PROCEDURES FOR THE ORDERLY COMPLETION OF WORK IN PROGRESS**

Upon the motion, dated September 29, 2006 (the "Motion"),[1] of Global Power Equipment Group Inc. and its affiliated debtors and debtors in possession (collectively, the "Debtors"), for entry of an order pursuant to sections 105, 363 and 365 of the Bankruptcy Code authorizing the Debtors to (i) wind down the HRSG Business operations of the Deltak Debtors[2] and (ii) reject certain executory contracts and unexpired leases in connection therewith (as identified on Exhibit "A" hereto, collectively, the "HRSG Contracts"), and (iii) implement procedures for the orderly completion of work in progress, as more fully set out in the Motion; and upon consideration of the Affidavit of John M. Matheson in Support of First Day Motions and Applications sworn to on the 29th day of September, 2006; and a hearing on the Motion having been held on October 2, 2006 (the "October 2 Hearing"); and the Court having entered an order dated October 5, 2006 (the "Original Order"); and a further hearing on the Motion having been held on October 26, 2006 (the "October 26 Hearing" and collectively with the October 2

---

[1] Capitalized terms not otherwise defined herein have the meanings ascribed to such terms in the Motion.

[2] The Deltak Debtors consist of (i) Deltak, LLC and (ii) Deltak Construction Services, Inc.

Hearing, the "Hearings") and based upon the record of the Hearings; and the Court having been advised that the Debtors, the Official Committee of Unsecured Creditors (the "Creditors' Committee") and the Senior Lenders have agreed to entry of this Order on the terms set forth herein; and it appearing that the Court has jurisdiction over this matter; and it appearing that due notice of the Motion as set forth therein is sufficient under the circumstances, and that no other or further notice need be provided; and it further appearing that the relief requested in the Motion is in the best interests of the Debtors and their estates and creditors; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor, it is hereby

ORDERED that the Motion is granted to the extent set forth herein; and it is further

ORDERED that pursuant to sections 105(a) and 363(b)(1) of the Bankruptcy Code, the Debtors are hereby authorized and empowered to wind down the HRSG Business operations and affairs; and it is further

ORDERED that the hearing on the Debtors' proposed rejection of the HRSG Contracts, and any objections thereto, shall be held on November 6, 2006 at 1:00 p.m. Prevailing Eastern Time, before the undersigned United States Bankruptcy Judge; and it is further

ORDERED that if the Debtors have deposited monies with any HRSG Counterparty as a security deposit or other arrangement, such counterparty shall not setoff or otherwise use such deposit without prior authority of this Court; and it is further

ORDERED that the Debtors are authorized, but not directed, to negotiate with customers to reach accommodations for the completion of certain HRSG Contracts (the "Accommodations") in exchange for such customer's agreement, at a minimum, to (i) fund all

actual costs of completion on time and materials terms, including, without limit, all outstanding costs owed to vendors and Contract Employees relating to the completion of such contracts, plus the customer's share of any excess costs that would be incurred in the ordinary course outside of the wind down plan, (ii) fund any contractor incentives offered to Contract Employees who are retained to perform on such customer's HRSG project, and (iii) waive all rejection damages claims to the extent the Deltak Debtors complete such customer's HRSG project; <u>provided however</u>, that the Debtors shall provide written notice to the Creditors' Committee and the Senior Lenders of any proposed Accommodations and, unless otherwise agreed to by the Creditors' Committee and the Senior Lenders, the Debtors shall not implement such proposed Accommodations until at least forty-eight (48) hours after delivery of such written notice to the Creditors' Committee and the Senior Lenders (the "48-Hour Period"), <u>provided</u> further <u>however</u>, that, in the event the Creditors' Committee or the Senior Lenders deliver to the Debtors a written objection to such proposed Accommodations within such 48-Hour Period, the Debtors shall obtain approval of such Accommodations from this Court prior to implementation thereof, and <u>provided further</u>, the Creditors' Committee and the Senior Lenders agree not to oppose a request by the Debtors for an expedited hearing to consider approval of such proposed Accommodations by the Court to the extent required herein.

ORDERED that this Court shall, and hereby does, retain jurisdiction with respect to all matters arising from or in relation to the implementation of this Order.

Dated:  Wilmington, Delaware
        October 26, 2006

*[signature]*
UNITED STATES BANKRUPTCY JUDGE